UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JOSE ERBO,                                                  :
                                   Petitioner,              :
                                                            :   08 Civ. 02881 (LGS)
            -against-                                       :
                                                            :   ORDER AND OPINION
UNITED STATES,                                              :
                                   Respondent.              :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/17/14

LORNA G. SCHOFIELD, District Judge:

     Jose Erbo, pro se, moves pursuant to Federal Rule of Civil Procedure 60(b)(6) and 60(d) to reopen an August 2009 opinion and order dismissing his 28 U.S.C. § 2255 petition for a writ of habeas corpus ("Motion"). Erbo contends that later Supreme Court decisions interpreting the Sixth Amendment Confrontation Clause apply retroactively to render unconstitutional the admission of autopsy reports during his trial, invalidating his conviction. For the reasons that follow, the Motion is denied.

**I.  BACKGROUND**

     On October 17, 2002, Judge Harold Baer[1] in the Southern District of New York sentenced Erbo to six consecutive life sentences followed by a mandatory consecutive 45-year sentence, after a jury found him guilty of racketeering in violation of 18 U.S.C. § 1962(d), conspiring to commit and committing murder in aid of racketeering in violation of 18 U.S.C. § 1959(a), using and carrying firearms in connection with the murders and conspiracies in violation of 18 U.S.C. § 924(c), and conspiring to distribute and possessing with the intent to distribute crack and cocaine in violation of 18 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A) and 846.

---

[1] The case was reassigned on June 18, 2014, after Judge Baer passed away.

On July 31, 2006, Judge Baer denied Erbo's motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure.  Erbo appealed his conviction, arguing, *inter alia*, that his Sixth Amendment Confrontation Clause rights were violated by the admission into evidence of autopsy reports without affording him an opportunity to cross-examine the authors of the reports.  *U.S. v. Feliz*, 467 F.3d 227, 229 (2d Cir. 2006); *United States v. Feliz*, 201 F. App'x 814, 815 (2d Cir. 2006).  On October 25, 2006, the Second Circuit affirmed Erbo's conviction, *see id.*, finding that the autopsy reports did not constitute "testimonial" evidence under *United States v. Crawford*, where the Supreme Court articulated a per se bar on the admission of "testimonial" out-of-court statements unless the declarant is unavailable and the defendant has had a prior opportunity to cross-examine the declarant.  541 U.S. 36, 59, 68 (2004).  In January 2007, Erbo petitioned the Supreme Court for a writ of certiorari, which was denied in February 2007.  *Erbo v. United States*, 549 U.S. 1238 (2007).

On March 19, 2008, Erbo petitioned this Court for a writ of habeas corpus on grounds unrelated to *Crawford*.  On August 11, 2009, Judge Baer denied the petition.  *Erbo v. U.S.*, No. 08 CIV. 2881, 2009 WL 2460998 (S.D.N.Y. Aug. 12, 2009).  Erbo sought a certificate of appealability from the Second Circuit, and on June 2, 2010, the Second Circuit denied the application.  On March 4, 2013, Erbo filed a second petition for a writ of habeas corpus, also on grounds unrelated to *Crawford*.  On March 19, 2013, Judge Baer transferred the second petition to the Second Circuit for a certificate of appealability under 28 U.S.C. 2255(h).  On July 29, 2013, the Second Circuit again issued a mandate denying a certificate of appealability.

On May 23, 2013, Erbo filed the present Motion, seeking to reopen his initial habeas petition.  Erbo asserts that the Supreme Court's decisions in *Melendez Diaz v. Massachusetts*, 557 U.S. 305 (2009), *Williams v. Illinois*, 132 S. Ct. 2221 (2012), and *Bullcoming v. New Mexico*, 131 S. Ct. 2705 (2011), and the Second Circuit's interpretation of those cases in *United*

*States v. James*, 712 F.3d 79, 94 (2d Cir. 2013), warrant reconsideration of the denial of his initial habeas petition. In *James*, the Second Circuit stated in dictum that the cited Supreme Court cases "call . . . into doubt" the "categorical" conclusion in *United States v. Feliz* (Erbo's case) that autopsy reports are nontestimonial and accordingly do not implicate constitutional rights under the Confrontation Clause. *Id.* The Second Circuit concluded, however, that the autopsy reports in question were not prepared for the purpose of trial, and therefore do not constitute testimonial evidence. *Id.*

## II.   DISCUSSION

The Motion to reopen the August 2009 opinion and order is denied because it is beyond the scope of Rule 60(b) and Rule 60(d), Fed. R. Civ. P., which are the bases for the Motion. A Rule 60(b) motion provides relief from a judgment or order and must be predicated on one of six grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

In a habeas proceeding, "relief under Rule 60(b) is available . . . only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding . . . ." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004). Here, Erbo does not attack the integrity of the previous habeas proceedings, both of which involved claims unrelated to *Crawford*. He instead asserts that a subsequent change in the law renders his conviction invalid. This argument is beyond the

scope of Rule 60(b) and can be brought, if at all, only as another habeas petition.  *See Gonzales v. Crosby*, 545 U.S. 524, 531-32 (2005) (Rule 60(b)(6) motion asserting that "a subsequent change in substantive law is a 'reason justifying relief' from the previous denial [of a habeas petition]" is an attack on the underlying conviction, not an attack on the integrity of the habeas proceedings, and therefore must be denied as beyond the scope of Rule 60(b) or treated as a successive or second habeas petition).

A court has two options when considering a motion that is styled as a 60(b) motion but that challenges the underlying conviction rather than the previous habeas proceeding.  First, it can treat the motion as a second or successive habeas petition, *id.*, in which case the appropriate court of appeals must first certify that the movant has made a prima facie showing of either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §§ 2255(h), 2244(b)(3)(C); *Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (stating that only a prima facie showing of newly discovered evidence or a new rule of constitutional law is required on an application for a certificate of appealability).  Second, and in the alternative, it can deny the motion as beyond the scope of Fed. R. Civ. P. 60(b).  *Harris*, 367 F.3d at 82.

Denial of the motion as beyond the scope of Rule 60(b) is the appropriate remedy here. The Second Circuit has cautioned district courts that conversion of a Rule 60(b) motion into a successive habeas petition and subsequent transfer to the court of appeals may subject a petitioner to prejudice for two reasons.  *See Gitten v. United States*, 311 F.3d 529, 533-34 (2d Cir. 2002).  First, the converted motion "will be tested against the strict gate-keeping standards before [the petitioner] has framed his allegedly new challenges in a way that presents his best

4

chance of meeting those standards." *Id.* at 533. In other words, premature conversion of a 60(b) motion may deny a petitioner the chance to present his most compelling case because the petition submitted to the court of appeals will be framed under the rubric of Rule 60(b), and not under the standards applicable to a successive habeas petition. Second, "premature treatment" of a 60(b) motion as a successive habeas petition "risks subjecting the prisoner not only to summary denial of that challenge but also to summary denial of any subsequent (*i.e.,* third) challenge as an abuse of the writ." *Id.*

Because the Motion is beyond the scope of Rule 60(b), it is also beyond the scope of Rule 60(d)(1), under which Erbo also seeks relief. *See Ocasio v. U.S.*, Nos. 08 Civ. 1305(DAB), 95 Cr. 942(DAB), 2014 WL 1877668, at *2 (S.D.N.Y. May 8, 2014) (collecting cases).

Accordingly, the Motion is DENIED.

The Clerk of Court is directed to mail a copy of this Order and Opinion to the pro se Petitioner.

SO ORDERED.

Dated: November 17, 2014
       New York, New York

                                              **LORNA G. SCHOFIELD**
                                      **UNITED STATES DISTRICT JUDGE**