UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JOSE ERBO,                                                  :
                              Petitioner,        :
                                                            :     08 Civ. 02881 (LGS)
          -against-                                         :
                                                            :     ORDER AND OPINION
UNITED STATES,                                              :
                              Respondent.        :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

      Jose Erbo, pro se, moves for reconsideration ("Reconsideration Motion") of an Order and Opinion dated November 14, 2014 ("November 2014 Opinion"), denying his motion pursuant to Federal Rule of Civil Procedure 60(b)(6) and 60(d) to reopen an August 2009 Order and Opinion dismissing his 28 U.S.C. § 2255 petition for a writ of habeas corpus ("Rule 60 Motion"). For the reasons that follow, the Reconsideration Motion is denied.

      The Rule 60 Motion argued that the Supreme Court's decisions in *Williams v. Illinois*, 132 S. Ct. 2221 (2012), *Bullcoming v. New Mexico*, 131 S. Ct. 2705 (2011), and *Melendez Diaz v. Massachusetts*, 557 U.S. 305 (2009), and the Second Circuit's interpretation of those cases in *United States v. James*, 712 F.3d 79, 94-95 (2d Cir. 2013), require reconsideration of the denial of an initial habeas petition he filed on March 19, 2008. The November 2014 Opinion denied the Rule 60 Motion as beyond the scope of Rule 60 because it did not attack the integrity of the previous habeas proceeding, but rather constituted an additional challenge to Erbo's conviction, and thus could be brought, if at all, only as a successive habeas petition. The Court declined to convert the Rule 60 Motion into a successive habeas petition, heeding the Second Circuit's admonition in *Gitten v. United States*, 311 F.3d 529, 533-34 (2d Cir. 2002), that a district court

should exercise caution in converting a Rule 60 motion in such circumstances in order to avoid prejudice to the petitioner.

The Reconsideration Motion reargues the points raised in the Rule 60 Motion, asserting that reconsideration is necessary on account of the decisions in *Williams*, *Bullcoming* and *Melendez Diaz*. It also seeks alternative relief, in the form of (1) a request that the Court consider the Rule 60 Motion as an "initial 2255 habeas corpus petition"; and (2) a request for a certificate granting leave to appeal the Second Circuit's decision rejecting Erbo's appeal of his conviction in *U.S. v. Feliz*, 467 F.3d 227 (2d Cir. 2006).

The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation and internal quotation marks omitted). "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys*, 684 F.3d at 52 (citation and internal quotation marks omitted). The decision to grant or deny a motion for reconsideration is within "'the sound discretion of the district court.'" *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

The Reconsideration Motion is denied because it does not identify any error in the November 2014 Opinion, point to an intervening change in controlling law or identify new evidence, but rather reargues the merits of the Rule 60 Motion. Petitioner's alternative requests

for relief are also denied, among other reasons, because a motion for reconsideration is not a vehicle for seeking new relief or advancing new arguments. *Advanced Analytics, Inc. v. Citigroup Global Markets, Inc.*, 301 F.R.D. 31, 46 (S.D.N.Y. 2014) (denying motion for reconsideration and concluding that the plaintiff's application seeking new relief was "not properly brought as a motion for reconsideration").

Petitioner is notified that further challenges to his conviction will be treated as a successive habeas petition and transferred to the Second Circuit. *See Crawford v. Lee*, No. 09 Civ. 04527, 2014 WL 6885911, at *2 (E.D.N.Y. Dec. 4, 2014) (denying Rule 60(b) motion as "beyond the scope" and instructing the petitioner that future motions challenging his state conviction would be treated as second or successive petitions and transferred to Court of Appeals).

Accordingly, the Motion is DENIED. Because Petitioner has failed to make a "substantial showing of the denial of a constitutional right," a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2). The Clerk of Court is directed to mail a copy of this Order and Opinion to the pro se Petitioner.

SO ORDERED.

Dated: February 10, 2015
New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

3