UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            -versus-<br><br>JOSE ERBO,<br><br>                    Defendant. | No. 97 Cr. 1105 (LAP)<br><br>No. 08 Civ. 2881 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, SENIOR UNITED STATES DISTRICT JUDGE:

Before the Court is Defendant Jose Erbo's motion for vacatur of his convictions under 18 U.S.C. § 924(c) ("Section 924(c)") based on United States v. Davis, 139 S. Ct. 2319 (2019). (Dkt. no. 262).  The Government opposed the motion, (dkt. no. 265), and Mr. Erbo filed both a reply and supplemental brief, (dkt. nos. 266-67).  For the reasons set out below, the motion is denied.

### I.  Background

Defendant Erbo has a substantial criminal history involving gang activity, drug trafficking and murder.  From at least 1991 through about 1997, Erbo, a/k/a "Tito," was the leader of a Harlem gang known as "Tito's Crew."  (Dkt. no. 265).  In addition to selling drugs, Tito's Crew also committed contract murders, at least some of which Defendant himself was involved in. United States v. Erbo, No. 97-cr-1105(HB), 2006 WL 2165739 (S.D.N.Y. July 31, 2006); (Dkt. no. 265).

1

On February 4, 1999, the Government charged Defendant in a seventeen-count indictment for his involvement and activities in Tito's Crew. (Dkt. no. 262). As relevant to this motion, Counts Twelve through Sixteen charged Erbo with using and carrying a firearm during and in relation to "crime[s] of violence" in violation of 18 U.S.C. § 924(c). Each of these Section 924(c) counts identified the relevant crime of violence as both murder, charged substantively in a VICAR murder count and a predicate Racketeering Act involving murder, as well as conspiracy to commit murder, charged in a VICAR murder conspiracy count and a predicate Racketeering Act involving murder conspiracy. (Dkt. no. 265).

Defendant Erbo pled not guilty and proceeded to trial. Id. After a two-week jury trial in May 2002, the jury found Erbo guilty on several counts charged in his indictment. As relevant to this motion, the jury specifically found Erbo guilty of the Section 924(c) charges in Counts Twelve, Thirteen and Fourteen for using and carrying firearms during and in relation to three murders and the conspiracies to commit those murders. Id. On October 17, 2002, Judge Harold Baer, Jr., sentenced Erbo to six consecutive terms of life imprisonment, followed by a consecutive 45-year sentence. (Dkt. no. 262). The Court of Appeals affirmed Erbo's conviction, United States v. Feliz, 467 F.3d 227, 229 (2d Cir. 2006), and the Supreme Court denied certiorari. Erbo v. United States, 549 U.S. 1238 (2007).

Erbo's first motion pursuant to 28 U.S.C. § 2255 was denied, Erbo v. United States, No. 08 Civ. 2881 (HB), 2009 WL 2460998 (S.D.N.Y. Aug. 12, 2009), as was his appeal from that denial, Erbo v. United States, No. 10-100 (2d Cir. June 1, 2010).  Erbo's request to file a second Section 2255 motion was denied in 2013. Erbo v. United States, No. 13-1059 (2d Cir. June 5, 2013).  In 2014, Erbo sought to reopen Judge Baer's denial of his first Section 2255 motion, but that motion was denied by Judge Lorna G. Schofield (who had taken over the case after Judge Baer's passing). Erbo v. United States, No. 08 Civ. 02881 (LGS), 2014 WL 6454002, at *1 (S.D.N.Y. Nov. 17, 2014).  The Court of Appeals denied Erbo's appeal. United States v. Erbo, No. 15-998 (2d Cir. Sept. 30, 2015).

On May 12, 2020, the Court of Appeals granted an application by Erbo for leave to file a Section 2255 motion challenging his Section 924(c) convictions based on the Supreme Court's recent holding in United States v. Davis, 139 S. Ct. 2319 (2019). (Dkt. 259).  The case was reassigned to this Court, and Erbo filed his successive Section 2255 motion on June 26, 2020. (Dkt. 262).  The Government filed its opposition on August 28, 2020. (Dkt. 265). Erbo filed both a reply (dkt. no. 266) and a supplemental brief (dkt. no. 267).

## II. Applicable Law

Section 924(c) makes it a crime to possess a firearm "during and in relation to any crime of violence or drug trafficking

crime." 18 U.S.C. § 924(c) (2020).  The statute provides two definitions for what constitutes a "crime of violence."  The first, known as the "force clause" (or the "elements clause"), classifies a crime of violence as a felony which "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  Id. at § 924(c)(3)(A).  The second, known as the "risk of force" clause (or the "residual clause"), classifies a crime of violence as a felony that, "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Id. at § 924(c)(3)(B).

The "risk of force" provision, however, is no longer valid. In United States v. Davis, the Supreme Court found Section 924(c)'s "risk of force" clause was unconstitutionally vague and accordingly invalidated the provision.  139 S. Ct. 2319, 2336 (2019).  As a result, a predicate "crime of violence" under Section 924(c) is only valid if it falls within the scope of the force clause.  Id.; see also Boykin v. United States, No. 16 CV 4185 (CM), 2020 WL 774293 (S.D.N.Y. Feb. 18, 2020) ("924(c)(3)(B) has been effectively stricken from the statute.").

### III. Discussion

At the outset, the Court notes that Erbo's motion is timely filed.  When attacking a sentence under Section 2255, a defendant is entitled to a one-year statute of limitations from "the date on

which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3).  Although his motion was filed several years after the guilty verdict in this case was rendered, it was filed less than one year after the Court's decision in Davis. (Dkt. no. 262); see also 139 S. Ct. 2319 (2019).

Defendant Erbo urges this Court to vacate his three Section 924(c) convictions on the theory that they rest upon invalid "risk of force" predicate crimes.  Following Davis, a mere conspiracy to commit a crime of violence will ordinarily fail to qualify under Section 924(c)'s force clause. United States v. Barrett, 937 F.3d 126, 127 (2d Cir. 2019); see also Ianelli v. United States, 420 U.S. 770, 777 (1975) (finding conspiracy is an "inchoate offense" which need not ripen into a substantive act).  As such, if Erbo's convictions rested only on conspiracy predicates, his argument could have merit.  Because each of those convictions, however, rests on two predicate crimes (both conspiracy and substantive murder), Davis' holding alone does not dispose of the matter.

The next question is whether Erbo's substantive murder charges provide sufficient basis alone to sustain each of Erbo's Section 924(c) convictions.  Erbo argues it is not possible to determine which predicate the jury relied upon for each conviction[1] and that "a single valid predicate is not enough to sustain

---

[1] Erbo's Section 924(c) convictions came by way of general verdict. (Dkt. no. 262).

5

[them]." (Dkt. no. 266). While the issue apparently has not been addressed in a binding fashion by either the Supreme Court or the Court of Appeals, the bulk of authority counsels that, where a Section 924(c) conviction rests on both valid and invalid predicate crimes of violence, the valid predicate may sustain the conviction. See, e.g., Cooper v. United States, No. 16-1925, Dkt. 42, at 1 (2d Cir. Feb. 20, 2019) ("Although Petitioner's § 924(c) and (j) convictions were predicated on several crimes of violence, they also were predicated on drug trafficking crimes . . . . Because Petitioner's predicate drug trafficking crimes were not affected by Johnson or Dimaya, his convictions under § 924(c) and (j) remain valid."); United States v. Walker, 789 F. App'x 241, 244-45 (2d Cir. 2019) (summary order) ("The § 924(c) conviction of each Defendant rested on convictions for both conspiracy and substantive Hobbs Act robbery as the predicate crimes of violence. Our prior holding . . . that substantive Hobbs Act robbery is a crime of violence under the elements clause of § 924(c)(3)(A), is unaffected by Davis, Stokeling, and Barrett and remains binding on us in this case."); see also Boykin, 2020 WL at *5-6.

In light of those authorities, murder is sufficient to sustain Erbo's convictions even in the absence of the conspiracy predicates. Each of Erbo's three Section 924(c) convictions charged him with possessing a firearm during and in relation to a substantive VICAR murder charged elsewhere in the indictment.

6

(Dkt. nos. 262, 265).  The jury found beyond a reasonable doubt that Erbo committed those murders by finding him guilty in the respective VICAR murder counts.  Id.  Thus, the jury necessarily predicated each of Erbo's Section 924(c) convictions, at least in some part, on its finding that he was guilty of a substantive murder in each instance.  So long as murder qualifies as a crime of violence, there remains a valid predicate to sustain each of Erbo's three Section 924(c) charges.

Finally, Erbo's contention that murder in aid of racketeering does not constitute a "crime of violence" under Section 924(c)'s force clause must fail.  The Court of Appeals considered and rejected this precise argument in United States v. Sierra, 782 F. App'x 16, 20 (2d Cir. 2019) (summary order) ("[M]urder is a crime involving the use of [physical] force . . . . Accordingly, [defendant]'s convictions are crimes of violence within the meaning of 18 U.S.C. § 924(c)."), as did Chief Judge McMahon of this Court in Boykin v. United States, No. 16 CV 4185 (CM), 2020 WL 774293, at *5-6 (S.D.N.Y. Feb. 18, 2020) ("[I]t is impossible not to conclude that the intentional causation of death . . . necessarily involves the use of physical force.").  The Court agrees with and adopts the analyses set forth in those decisions and finds that substantive murder constitutes a "crime of violence" under Section 924(c)'s force clause.  Thus, because Erbo's

7

substantive murder charge is a valid predicate for his convictions under Section 924(c), he is not entitled to relief under Davis.[2]

### IV. Conclusion

For the reasons set out above, Defendant Erbo's motion for vacatur based on Davis (dkt. nos. 262, 266-67) is denied. Because Erbo has not made a substantial showing of a violation of a constitutional right, no certificate of appealability will issue.  The Clerk of the Court shall mail a copy of this order to Erbo and close the open motion (dkt. no. 262).

SO ORDERED.

Dated:   November 19, 2020
         New York, New York

_____
LORETTA A. PRESKA
Senior U.S. District Judge

---

[2] The Court takes note of the fact that in United States v. Rodriguez, No. 94 Cr. 313 (CSH), 2020 WL 1878112 (S.D.N.Y. Apr. 15, 2020), Judge Haight came to a seemingly opposite conclusion on a similar set of facts.  Yet in differentiating Rodriguez from Walker and Barrett, Judge Haight noted that, in those cases, "the defendants' physical participation in the substantive robberies in question do not appear to have been contested." Id. at *14 ("[T]he defendant [in Barrett] was a member of a gang that committed a series of frequently armed, and invariably violent, robberies . . . . One cannot imagine the defense contending at trial that Barrett was never present at any of these robberies, instead was somewhere else, and became the victim of mistaken identity.") (citations omitted).  The situation here more closely resembles that of Barrett than Rodriguez.  Furthermore, Erbo was not only a member of Tito's Crew, but the leader. (Dkt. no. 265).  As such, Rodriguez is distinguishable from the case at bar.